UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-230-FDW

| | |
|---|---|
| BUCKY NATHAN MANUEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| KENNETH LASSITER, ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1), and on his motion for the appointment of counsel, (Doc. No. 2). Plaintiff has paid the full filing fee.[1] See (Doc. No. 1).

## I. BACKGROUND

*Pro se* Plaintiff Bucky Nathan Manuel has filed a civil rights suit pursuant to 42 U.S.C. § 1983 against the following Defendants in their official capacities: Director of the Department of Public Safety ("DPS") Kenneth Lassiter; Mountain View Correctional Institution Superintendent Mike Slagle; and Mountain View C.I. Correctional Officers Burchfield and Winebarger.

Liberally construing the Complaint and accepting the allegations as true, Plaintiff was working in the kitchen at Mountain View C.I. on January 1, 2016, when Burchfield said that he wanted to strip search Plaintiff and took him into the kitchen stockroom. Instead of conducting a standard strip search, Burchfield had Plaintiff partially disrobe, pointed at Plaintiff's penis and said "That's nice, I like that." (Doc. No. 1 at 6).

---

[1] The Complaint was originally filed in the United States District Court for the Eastern District of North Carolina and was transferred to this Court on August 22, 2017. See (Doc. Nos. 1, 4, 5).

1

The next day January 2, 2016, Burchfield took Plaintiff to the kitchen stockroom and ordered him to partially disrobe. Plaintiff told Burchfield that the behavior was inappropriate and Burchfield replied that he could look at Plaintiff's privates any time he wanted to as long as he "didn't try to play with it." (Doc. No. 6).

When Plaintiff tried to file a Prison Rape Elimination Act ("PREA") complaint, Wineburger threatened him, saying "Just forget about it, if you know what is good for you." (Doc. No. 1 at 6). All of Plaintiff's rights concerning filing a PREA complaint were violated and "a cover-up was attempted by staff." (Doc. No. 1 at 5). In addition "[a]ll [Plaintiff's] right[s] concerning filing a grievance were violated." (Doc. No. 1 at 5). Burchfield and Winebarger both have histories of sexual and racial complaints but Mountain View C.I. kept "brushing it under the rug." (Doc. No. 1 at 7).

Plaintiff filed a PREA action that was substantiated, and as a result of which both Burchfield and Winebarger were fired.

Plaintiff was transferred to Harnett C.I. where a "racial hate group" told Plaintiff that he "had to pay the price" for getting their "brother" Winebarger fired. (Doc. No. 1 at 7). "They" busted Plaintiff's eye and made him pay them every week. (Id.). Plaintiff was beaten and extorted for approximately eight months at Harnett C.I. due to Winebarger's connections to racial hate groups. Plaintiff asked the Harnett C.I. "Admin" for some PREA support personnel help but it was denied so the "tor[ture]" continued. (Doc. No. 1 at 7).

Plaintiff was then transferred to Warren C.I. where he was approached by several inmates who told him he could not stay in "population." (Doc. No. 1 at 7). Gang members threatened Plaintiff in retaliation for Winebarger's firing, and threw chairs and bowls of food at him. Plaintiff spent over 40 days in segregation because gang members were trying to kill him.

Plaintiff was forced to change his religion due to fear for his safety and severe danger because he was trying to file a PREA on Burchfield for sexual harassment.

Plaintiff suffered cruel and unusual punishment for over a year while he lived in fear that he would be sexual assault, killed, or injured, due to Burchfield's and Winebarger's actions.

Plaintiff seeks damages in the amount of $250,000, "all the privileges, benefits that I would of earned and received if none of this would of happened," the filing fee in this action, and he appears to seek an injunction against retaliation. (Doc. No. 1 at 8).

## II. MOTION FOR THE APPOINTMENT OF COUNSEL

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Exceptional circumstances exist where "a pro se litigant has a colorable claim but lacks the capacity to present it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984) (citation omitted), *abrogated on other grounds by* Mallard v. U.S. Dist. Ct., 490 U.S. 296, 298 (1989) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel).

Plaintiff alleges that he needs the assistance of an attorney to access the confidential PREA files, provide legal expertise, and investigate Burchfield and Winebarger's actions, work histories, and locations.

The Plaintiff has failed to demonstrate the existence of exceptional circumstances that justify appointment of counsel. The motion identifies difficulties that are common to most incarcerated pro se litigants. See generally Hall v. Holsmith, 340 Fed. Appx. 944 (4th Cir. 2009) (no extraordinary circumstances were present where the claims were not complicated and the

3

plaintiff had demonstrated the capacity to present them adequately in numerous court filings). Further, the allegations that he needs counsel to investigate the case is moot at this point because he has not presented any colorable § 1983 claim. Therefore, the motion for the appointment of counsel will be denied at this time.

**III. STANDARD OF REVIEW**

A prisoner's complaint seeking redress from the Government that is frivolous, malicious, or fails to state a claim may be dismissed *sua sponte* even if the Plaintiff has paid the full filing fee. 28 U.S.C. § 1915A. A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007);

see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

## IV. DISCUSSION

Plaintiff asserts claims against the various Defendants exclusively in their official capacities.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of Another State, or by Citizens of any Foreign State." U.S. Const. Amend. 11. "[A]n official capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985). Thus, § 1983 suits against a state, its agencies, and its officials sued in their official capacities for damages are barred absent a waiver by the State or a valid congressional override. Graham, 473 U.S. at 169; see Hutto v. S.C. Retirement Sys., 773 F.3d 536, 549 (4th Cir. 2014) (State officials sued in their official capacities for retrospective money damages have the same sovereign immunity accorded to the State). Whether an officer is deemed a "state official" depends at least in part on state law. See Mt. Healthy City Sch. Bd. of Ed. v. Doyle, 429 U.S, 274, 280 (1977).

However, a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because "official-capacity actions for prospective relief are not treated as actions against the State." Will v. Michigan Dep't of State Police, 491 U.S. 58, 93 (1989)

(quoting Graham, 473 U.S. at 167 n.14). A prisoner's transfer moots a § 1983 request for declaratory and injunctive relief when the conditions of which the prisoner claims are unlikely to recur. See Williams v. Griffin, 952 F.2d 820 (4th Cir. 1991); Taylor v. Rogers, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986).

**(A)    Corrections Officers**

Plaintiff has failed to state any theory under which Burchfield and Winebarger can be liable for § 1983 damages in their official capacities. They were State employees at the time of the incidents at issue and, as such, claims against them are treated as claims against the State of North Carolina and are barred by sovereign immunity. See generally Mary's House, Inc. v. North Carolina, 976 F.Supp.2d 691 (M.D.N.C. 2013) (recognizing that "section 1983 does not give plaintiffs the right to sue state officials in their official capacities for damages"). Further, Plaintiff's claim for compensatory damages due to mental or emotional injury is barred because he has failed to allege that any sexual contact occurred or that he sustained any physical injury whatsoever due to these Defendants' actions. See also 42 U.S.C. § 1997e(e) (barring an inmate from seeking damages for mental or emotional injury suffered while in custody absent a showing of physical injury or a "sexual act" as defined in 18 U.S.C. § 2246[2]).

To the extent that Plaintiff seeks injunctive relief against Burchfield and Winebarger, this

---

[2] [T]he term "sexual act" means--
(A) **contact** between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;
(B) **contact** between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;
(C) the **penetration**, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or
(D) the **intentional touching**, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person;

18 U.S.C. § 2246(2) (emphasis added).

claim is moot because he alleges that both of these Defendants were fired and that he has been transferred to a different correctional institution. Williams, 952 F.2d at 823 (prisoner's claim regarding unconstitutional prison conditions was mooted by his transfer to another facility and it was unlikely he would return).

Therefore, the claims against Burchfield and Winebarger in their official capacities for compensatory damages and injunctive relief cannot proceed.

**(B)** **Supervisors**

Plaintiff also names Director Lassiter and Superintended Slagle as Defendants in their official capacities. However, he recites absolutely no facts relating to them in the body of the Complaint and has thus failed to plead a plausible case against them. See Fed. R. Civ. P. 8(a)(2) (requiring a short and plain statement); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient). Because the Complaint does not set forth any facts with regards to Lassiter and Slagle, he has failed to state a theory under which they can be liable under § 1983. See generally Polk County v. Dodson, 454 U.S. 312, 326 (1981) (an official-capacity suit is "treated as a suit against the entity," which must then be a "'moving force' behind the deprivation thus the entity's "'policy or custom' must have played a part in the violation of federal law….") (quoting Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978)); Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (a supervisor can be liable where (1) he knew that his subordinate "was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury;" (2) his response showed "deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) that there was an "affirmative causal link"

between his inaction and the constitutional injury."); King v. Rubenstein, 825 F.3d 206, 223–24 (4th Cir. 2016) (describing the three theories under which a supervisor can be liable under § 1983).

Plaintiff has failed to set forth any allegations whatsoever upon which § 1983 liability can attributed to Lassitler and Slagle in their official capacities and, therefore, the claims against them are insufficient to proceed.

**(3)     Unnamed Individuals**

The body of the Amended Complaint contains allegations against individuals who are not named as defendants in the caption, including "staff," "admin," a "racial hate group," and "gang members." The Federal Rules of Civil Procedure provide that, "[i]n the complaint the title of the action shall include the names of all the parties." Fed. R. Civ. P. 10(a); see Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."). Although *pro se* litigants are entitled to have their pleadings liberally construed, Haines, 404 U.S. at 520, "[d]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants," Pliler v. Ford, 542 U.S. 225 (2004). Plaintiff's failure to name these various individuals renders Plaintiff's allegations against them nullities. See, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served). Moreover, his allegations are too devoid of factual assertions to support a § 1983 claim. See Fed. R. Civ. P. 8(a)(2); Dickson, 309 F.3d at 201-02; see also DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999) ("To implicate 42 U.S.C. § 1983, conduct must be fairly attributable to the State.") (internal quotations omitted).

Therefore, to the extent the Complaint alleges that Plaintiff's rights were violated by individuals who are not named in the case caption, and against whom he only makes vague and

conclusory allegations, these claims are insufficient, improper, and cannot proceed.

## V. CONCLUSION

For the reasons stated herein, the Complaint is deficient and subject to dismissal. Plaintiff shall have thirty (30) days in which to file an Amended Complaint in which he may attempt to cure these deficiencies and state a facially sufficient claim for relief.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff shall have thirty (30) days in which to file an Amended Complaint in accordance with this order and all applicable rules and procedures. If Plaintiff fails to file an Amend Complaint within the time limit set by the Court, this action will be dismissed and closed without prejudice and without further notice to Plaintiff.
2. Plaintiff's Motion for the Appointment of Counsel, (Doc. No. 2), is **DENIED**.
3. The Clerk is directed to mail Plaintiff a new Section 1983 complaint form.

Signed: October 25, 2017

Frank D. Whitney
Chief United States District Judge