UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-230-FDW

| | |
|---|---|
| BUCKY NATHAN MANUEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| KENNETH LASSITER, ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, (Doc. No. 8), and on two Motions "to Request Evidence," (Doc. No. 9, 10), his "Motion for a Mediation Hearing for a Summary Judgment," (Doc. No. 11), his "Request Motion for Trial Date," (Doc. No. 13), "Motion for Reconsideration to Request a[n] Attorney be Appointed," (Doc. No. 14). Plaintiff has paid the full filing fee. See (Doc. No. 1).

I.  **BACKGROUND**

*Pro se* Plaintiff Bucky Nathan Manuel, who is a North Carolina inmate presently incarcerated at the Marion Correctional Institution,[1] filed a civil rights suit pursuant to 42 U.S.C. § 1983 against several defendants in their official capacities. The Court dismissed the Complaint on initial review for failure to state a facially sufficient claim and for seeking injunctive relief that is moot. (Doc. No. 7). The Court granted him the opportunity to file an Amended Complaint which is now before the Court for initial review.

Plaintiff names as Defendants: Director of Prisons Kenneth Lassiter in his official capacity,

---

[1] He filed the Original complaint from the Nash C.I., and the Amended Complaint from the Albemarle C.I.

1

and the following in their official and individual capacities: Superintendent of Mountain View Correctional Institution Mike Slage, Correctional Officer Burchfield, and Correctional Officer Winebarger. Plaintiff claims that the Defendants violated his First Amendment freedom of religion, the Fourth Amendment unreasonable searches and seizures, and Eighth Amendment prohibition against cruel and unusual punishment. That incidents at issue allegedly occurred at the Mountain View C.I., Harnett C.I., Warren C.I., and Nash C.I.

Liberally construing the Amended Complaint and accepting the allegations as true, Plaintiff was sexually harassed and illegally searched by Defendant Burchfield; Defendant Winebarger threatened his life and used his "racial connection" to get Plaintiff beaten up; Defendant Slagle had prior knowledge of Burchfield's and Winebarger's actions; and that Lassiter is the Defendants' overall supervisor. Plaintiff claims that he has had his "eye busted open" as retaliation for filing a PREA complaint on Defendant Winebarger, and that he cannot go to medical or report the problem for fear of being labeled a "snitch." (Doc. No. 8 at 5). He lives in fear and claims that Lieutenant Harris at Nash C.I. did an investigation that proved Plaintiff is being retaliated against by a hate group and that he has been assaulted.

Plaintiff seeks the return of his $400 filing fee and placement at a camp "where I won't be in life threatening danger due to this." (Doc. No. 1 at 5).

II.     **STANDARD OF REVIEW**

A prisoner's complaint seeking redress from the Government that is frivolous, malicious, or fails to state a claim may be dismissed *sua sponte* even if the Plaintiff has paid the full filing fee. 28 U.S.C. § 1915A. A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the

plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III.    DISCUSSION

The Amended Complaint cannot proceed because the injunctive relief that Plaintiff seeks, placement at another institution, is moot because he now resides at Marion C.I. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (prisoner's claim regarding unconstitutional prison

conditions was mooted by his transfer to another facility and it was unlikely he would return). Moreover, a prisoner does not generally have an interest in his housing and classification. See Sandin v. Conner, 515 U.S. 472 (1995) (a change in the conditions of a prisoner's confinement that does not exceed the scope of the original sentence only gives rise to a federally protected liberty interest if it imposes atypical and significant hardship in relation to the ordinary incidents of prison life).

Plaintiff requests the return of his filing fee, but that relief is unavailable. The Prison Litigation Reform Act ("PLRA") provides that, "if a prisoner brings a civil action … *in forma pauperis*, the prisoner shall be required to pay the full amount of the filing fee…." 28 U.S.C. § 1915(b)(1). Thus, the PLRA "makes prisoners responsible for their filing fees the moment the civil action or appeal is filed, … [and] by filing the complaint or notice of appeal, the prisoner waives any objection to the fee assessment by the district court." McGore v. Wrigglesworth, 114 F.3d 601, 605 (6th Cir. 1997) (citation omitted), *overruled on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Goins v. Decaro, 241 F.3d 260, 262 (2d Cir. 2001) ("we are not at liberty to read into the PLRA judicial authority to cancel remaining indebtedness for withdrawn appeals."); Williams v. Roberts, 116 F.3d 1126, 1127 (5th Cir. 1997) ("the filing fee is to be assessed for the privilege of initiating an appeal, without regard to the subsequent disposition of the matter."). Plaintiff is thus required to pay the full filing fee even though he expresses willingness to dismiss the matter and the Amended Complaint is insufficient to proceed.

Plaintiff's pending motions are dismissed as moot as this matter has failed to pass initial review.

### V. CONCLUSION

For the reasons stated herein, the Amended Complaint is facially insufficient and will be

dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Complaint is **DISMISSED** without prejudice for failure to state a claim.

2. Plaintiff's Motions "to Request Evidence," (Doc. No. 9, 10), "Motion for a Mediation Hearing for a Summary Judgment," (Doc. No. 11), "Request Motion for Trial Date," (Doc. No. 13), "Motion for Reconsideration to Request a[n] Attorney be Appointed," (Doc. No. 14), are **DENIED** as moot.

3. The Clerk is directed to close this case.

Signed: March 21, 2018

Frank D. Whitney
Chief United States District Judge